**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

GLORIA TURNAGE,
on behalf of herself and all
similarly situated individuals,
Plaintiff,

v. Civil No. 3:25-cv-840

AION MANAGEMENT LLC, et al.,
Defendants.

**ORDER**

Having reviewed PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT ("the MOTION") (ECF No. 45), it is hereby ORDERED that the MOTION (ECF No. 45) is GRANTED. Having reviewed the Settlement Agreement entered by the Parties (ECF No. 45-1), it is further ORDERED that:

1. The Court has considered the proposed settlement of the class claims asserted in the above-captioned action on behalf of the proposed Settlement Class defined as:[1]

> All consumers: (1) who executed a lease at any of the AION-Managed Properties and (2) paid or were obligated to pay any Disputed Fee from October 10, 2023 through November 1, 2025.

2. The Settlement Agreement filed by the Parties (ECF No. 45-1) appears, upon preliminary review, to be fair, reasonable, and adequate to the Settlement Class. Accordingly, the proposed

[1] Defined terms used in this Order have the same meaning provided in the Settlement Agreement.

settlement therein is preliminary approved, pending a Final Approval Hearing, as provided for herein.

3. The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been preliminarily satisfied, for settlement purposes only, in that:

a. The Settlement Class comprises approximately 5,508 members;

b. The claims of the Plaintiff are typical of those of the other members of the Settlement Class;

d. There are questions of fact and law that are common to all members of the Settlement Class; and

e. The Plaintiff will fairly and adequately protect the interests of the Settlement Class and has retained Class Counsel experienced in consumer class action litigation who have, and will continue to, adequately represent the Settlement Class.

4. For settlement purposes only, the Court finds that this action is preliminarily maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) a class action is a fair and efficient adjudication of this controversy; and (2) questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only individual members.

5. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason

before the Effective Date, the Settlement Class shall be decertified, the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court. In that event, this Order shall not have any precedential effect with respect to a litigated class certification motion.

6. The Court appoints Gloria Turnage as Class Representative. The Court also appoints Kristi C. Kelly, Andrew J. Guzzo, Casey S. Nash, J. Patrick McNichol, and Matthew Rosendahl of Kelly Guzzo PLC as counsel for the Settlement Class ("Class Counsel"). The Court also approves American Legal Claims Services, LLC as the Settlement Administrator.

7. The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on October 21, 2026, at 10:00 A.M. at the United States District Court for the Eastern District of Virginia, Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, Virginia 23219, for the following purposes:

a. To determine whether the proposed settlement is fair,

reasonable, and adequate and should be granted final approval by the Court;

b. To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement;

c. To consider the application of Class Counsel for an award of attorneys' fees, costs, and for a service award to the Class Representative; and

d. To rule upon other such matters as the Court may deem appropriate.

8. Defendants are to provide the Class List, and the Settlement Administrator is to implement the Notice Plan, in accordance with the Settlement Agreement's terms and timelines. Pursuant to the Settlement Agreement, the Administrator will provide a declaration to be filed with the Court attesting to the implementation of the Notice Plan prior to the Final Approval Hearing. To the extent the Parties or Settlement Administrator determine that ministerial changes to the Notice Plan are necessary before disseminating notice to the Settlement Class Members, they may make such changes without further application to the Court.

9. The Court finds the Notice Plan to fully satisfy the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled

thereto.

10. If a Settlement Class Member chooses to opt out of the Settlement Class, such Class Member is required to submit a written request for exclusion to the Settlement Administrator by mail, postmarked on or before the date specified in the Class Notice, which shall be no later than sixty (60) days following the initial mailing of the Class Notice. The request must state "I do not want to be part of the Settlement Class in Turnage v. AION," or words to that effect, and must be signed, dated, and include the individual's name, address, and phone number. A Settlement Class Member who timely submits an opt-out using the procedure identified above shall be excluded from the Settlement Class for any and all purposes. Following the deadline, the Settlement Administrator shall prepare a declaration listing all of the valid opt-outs received and shall provide the declaration and list to Class Counsel, who will then report the names appearing on this list to the Court before the Final Approval Hearing.

11. A Settlement Class Member who does not timely submit a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action.

12. Any Settlement Class Member who wishes for any objection to be considered must file a written notice of objection to be postmarked within sixty (60) days after the date of initial mailing of the Class Notice and Claim Form. The objection must include the

following: (1) the Settlement Class Member's full name, address and current telephone number; (2) if the individual is represented by counsel, the name and telephone number of counsel; (3) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (4) the identity of any witnesses the objector may call to testify; (5) a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, as well as true and correct of copies of such exhibits; (6) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel; and (7) the objector's signature and a notation that it is for "Gloria Turnage v. AION Management LLC, et al., Civil Action No. 3:25-cv-840-REP-MRC (E.D. Va.)."

13. Any Settlement Class Member who fails to timely file and serve a written objection pursuant to the terms of this Order and the Settlement Agreement shall not be permitted to object to the approval of the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

14. All briefs, memoranda, petitions and affidavits to be filed in support for an individual award to the Class Representative and for an award of attorney's fees and costs shall

be filed not later than fourteen (14) days before the Opt-Out & Objections Deadline.

15. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement shall be filed not later than fourteen (14) days before the Final Approval Hearing.

16. Neither this Order nor the Settlement Agreement shall be construed or used as an admission or concession by or against the Defendants or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendants or any of the Released Parties. The preliminary approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendants.

17. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 12, 2026